JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-06395-MCS-RAO | Date | September 8, 2023 |
| Title | *Kalincheva v. Valentyna* | | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):  Attorney(s) Present for Defendant(s):
None Present  None Present

**Proceedings:**  **(IN CHAMBERS) REMAND ORDER**

The Court ordered Magdalina Kalincheva to show cause why this case should not be remanded for want of subject-matter jurisdiction or dismissed or transferred to the United States District Court for the Eastern District of California due to improper venue. (OSC, ECF No. 13.) The Court ordered Kalincheva to submit a written response along with "'a copy of all state process, pleadings, and orders' from the state court case." (*Id.* at 2 (quoting 28 U.S.C. § 1446(a)).)

Kalincheva filed a written response. (Resp., ECF No. 17.) She also submitted voluminous records from the Kern County Superior Court proceeding from which this case was removed. None of these submissions satisfies the order to show cause.

The Court begins and ends with an examination of its subject-matter jurisdiction. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (obliging courts to examine subject-matter jurisdiction issues sua sponte). Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). There is

a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Removal jurisdiction is lacking because Kalincheva is not a party to the state court divorce proceeding between Petitioner Valentyna Neubarth and Respondent Jesse Neubarth. 28 U.S.C. § 1441(a); *see also 3S Network, Inc. v. Zenisco, Inc.*, No. 2:21-cv-971, 2021 U.S. Dist. LEXIS 242490, at *4 (W.D. Wash. Dec. 20, 2021) ("[I]t is axiomatic that non-parties are not permitted to remove a case to federal court."); *Sheppard v. Sheppard (In re Notice of Removal Filed by Einhorn)*, 481 F. Supp. 2d 345, 348 (D.N.J. 2007) ("To interpret 'defendant' [in 28 U.S.C. § 1441(a)] to include non-parties would produce an absurd result and would contravene more than 65 years of jurisprudence that has only allowed removal by 'defendants' to claims asserted by a plaintiff."). Regardless, jurisdiction would be lacking even if Kalincheva were a party to the removed case.

Kalincheva invoked federal question jurisdiction in her removal papers. (Notice of Removal 2, ECF No. 1; Civil Cover Sheet, ECF No. 1-2). Notwithstanding, the Court lacks jurisdiction over this action. Kalincheva removed the case from divorce court. (*See* Notice of Removal 1.) "Federal courts repeatedly have declined to assert jurisdiction over divorces that presented no federal question." *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581 (1979). "[W]hile rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts." *Elk Grove United School Dist. v. Newdow*, 542 U.S. 1, 13 (2004) (citation omitted). Kalincheva asserts that the Court has federal question jurisdiction because "all RICO State Courts' actions are Monstrous RICO Frauds and Thefts and Breach of Our Two Federal & Maritime Financial Contracts." (Resp. 4.) As best as the Court can understand this, Kalincheva appears to assert that the Court has jurisdiction because the state court is engaged in racketeering under federal law. But that has no bearing on whether the claims in the underlying state court proceeding arise under federal law. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Having reviewed the records from the divorce proceeding, the Court is confident they do not.

Kalincheva also claims the Court has admiralty jurisdiction, (Resp. 5; *see* Notice of Removal 11), but she fails to provide intelligible jurisdictional allegations to demonstrate the underlying state court action has any maritime nexus, 28 U.S.C. § 1331(1). (*See, e.g.*, Notice of Removal 127 ("Admiralty jurisdiction of the court is

invoked by Federally Protected FP Plaintiff Real Party in Interest Beneficiary Dr. Magdalina Kalincheva on the ground that Customs Airport Bulgaria (several US Departments) very brutaly RICO STOLE all my money 2000 Bulgarian Leva BGN, which were converted US Dollars given me by my husband . . . ." (errors preserved)).)

As is evident from Kalincheva's incomprehensible submissions, "the jurisdictional allegations were frivolous from the start." *United States v. Shell Oil Co.*, 602 F.3d 1087, 1092 n.3 (9th Cir. 2010). (*See, e.g.*, Notice of Removal 2 ("It was written before I to be aware of Non-human shape-shifting invisible Evil murderers rapists Thieves 'Satan from another planet Draco' lying thieving and deceiving Jews: Jack Dorsey, Barbara Bauer MD the first RICO Fraud of twin brother-in-law Jeffrey & not his child . . . .").)

The Court directs the Clerk to terminate the pending motions and effect the remand immediately. Any further filings in this case will be stricken for lack of jurisdiction to entertain them.

**IT IS SO ORDERED.**